UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  URSULA LANGLEY

_____

URSULA LANGLEY,

    Appellant,

v.                                          Case No: 2:20-cv-956-SPC

JON WAAGE,

    Appellee.
_____/

## OPINION AND ORDER[1]

Before the Court is a bankruptcy appeal. Appellant Ursula Langley and Appellee Jon Waage submitted briefs. (Docs. 7; 8; 9). After review, the Court finds no error and affirms.

## BACKGROUND

Langley filed for Chapter 13 bankruptcy. Listed on the schedules was Langley's home, showing a secured creditor holding a disputed mortgage. (Doc. 4-25 at 1, 13). In a sworn statement, Langley identified a pending foreclosure

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

action on her house.[2] (Doc. 4-35 at 5). The docket reveals the action concerns Deutsche Bank National Trust Company's disputed claim over the property. It names Langley and APG Holdings Revocable Trust (among others) as defendants.[3]

Eventually, Langley submitted a Chapter 13 plan. (Docs. 4-37; 4-41). The trustee (Waage) filed an unfavorable recommendation and objections. (Doc. 4-50). Deutsche Bank filed a proof of claim secured by a mortgage on Langley's house. (Doc. 4-132). Langley objected, arguing the assignment of her mortgage was defective and Deutsche Bank was not a creditor. (Doc. 4-92). Likewise, APG filed a proof of claim secured by a mortgage. (Doc. 4-131). And Langley objected on similar grounds along with a statute of limitations argument. (Doc. 4-87).

The bankruptcy court held three hearings to consider the confirmation of Langley's Chapter 13 plan. (Docs. 4-121; 4-123; 4-128). No transcripts are in the record. After the last hearing, the bankruptcy court denied confirmation of Langley's Chapter 13 plan and dismissed the case (the "Dismissal Order"). (Doc. 4-128). The same day as the last hearing, Langley filed an adversary complaint against Deutsche Bank and APG, alleging they filed defective proofs

---

[2] That case is in Collier County. *Deutsche Bank Nat'l Tr. v. Langley*, No. 17-CA-001261 (Fla. Cir. Ct.).

[3] It appears APG has a separate foreclosure action pending against Langley in Collier County. *Aspen Prop. Grp., LLC v. Langley*, No. 18-CA-2083 (Fla. Cir. Ct.).

of claim; violated the Fair Debt Collection Practices Act and Florida Deceptive and Unfair Trade Practices Act; committed fraud; and ran afoul the statute of limitations and the statute of frauds. *Langley v. Deutsche Bank Nat'l Tr.*, No. 2:20-ap-00550 (M.D. Fla. Bankr.).

Then, Langley moved to reconsider and vacate the Dismissal Order, which the bankruptcy court denied (the "Reconsideration Order"). (Doc. 4-130). The Reconsideration Order detailed the proceedings and explained the bankruptcy court's rationale underlying the Dismissal Order. A few weeks later, Langley appealed the Reconsideration Order. And soon after, the bankruptcy court abated the adversary proceeding pending this appeal.

## LEGAL STANDARD

When a bankruptcy court enters a final order, debtor can appeal to the district court. 28 U.S.C. § 158(a). "In reviewing bankruptcy court judgments, a district court functions as an appellate court." *In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993). A district court reviews "legal conclusions *de novo*" and "must accept the bankruptcy court's factual findings unless they are clearly erroneous." *Id.*

## DISCUSSION

Langley's entire appeal revolves around whether Deutsche Bank and APG can enforce their notes. Best the Court can tell, the bankruptcy court correctly recognized Langley's goal below was to litigate the merits of these

3

notes through a Chapter 13 bankruptcy. This is an impermissible use of bankruptcy protections:

> If the sole purpose of a debtor in submitting a plan is to forestall and preclude a mortgage foreclosure on the debtor's residential property in a Chapter 13 case, the plan must fail. . . . While Chapter 13 plans may deal with secured and unsecured debts generally, it cannot alter or modify the rights of a creditor holding a claim secured only by a security interest in real property; that is, the debtor's principal residence.

*In re Stein*, 36 B.R. 521, 523 (M.D. Fla. Bankr. 1983). On appeal, Langley does not so much take issue with the bankruptcy court denying confirmation of the Chapter 13 plan or dismissing the bankruptcy. Largely, Langley challenges the decision to abate the adversary proceeding and worries the adversary proceeding will be dismissed if this appeal is affirmed. Those matters, however, are not before the Court. Rather, the Dismissal and Reconsideration Orders are here.[4]

The Reconsideration Order provided several reasons for dismissing the bankruptcy action. Namely, Langley's plan did not meet the requirements for a confirmable Chapter 13 plan. For instance, the plan called for payments over a seven-year period—exceeding the five-year maximum. 11 U.S.C. § 1322(d), 1325(b)(4). Yet Langley doesn't challenge any conclusions related to the

---

[4] Although Langley only appealed the Reconsideration Order, the Court liberally construes the Notice of Appeal (Doc. 1) to include the Dismissal Order. *United States v. Evans*, 561 F. App'x 877, 879 n.1 (11th Cir. 2014).

bankruptcy court's refusal to confirm her plan. Because the bankruptcy court's decision had independent, adequate grounds that Langley failed to attack, the Court affirms. *E.g.*, *Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."); *In re Guillen*, 972 F.3d 1221, 1230 (11th Cir. 2020). To the extent that Langley tried to address those matters in her reply brief, such efforts fail. *E.g.*, *Timson v. Sampson,* 518 F.3d 870, 874 (11th Cir. 2008) ("Moreover, we do not address arguments raised for the first time in a pro se litigant's reply brief."); *In re Jurgens,* 780 F. App'x 839, 841 (11th Cir. 2019).

Aside from those failures, there are separate reasons to affirm. Again, Langley's gripe seems to be the bankruptcy court's decision to dismiss the Chapter 13 bankruptcy before ruling on the claim objections or allowing the adversary proceeding to advance further. Yet Langley does not point to anything suggesting that decision was error. What's more, the bankruptcy court denied plan confirmation and dismissed the case. Without a bankruptcy case or resulting plan, there was no need for the bankruptcy court to determine whether Deutsche Bank and APG were noteholders or creditors. *See In re Steed*, 614 B.R. 395, 402-08 (N.D. Ga. Bankr. 2020) ("Claim objections serve no independent purpose beyond allowance or disallowance for purpose of

distribution and discharge, neither of which will occur in Plaintiff's dismissed Bankruptcy Case.").

Even if the bankruptcy court should have reached that issue, the answer is the same. Like Waage argues, the bankruptcy court had discretion to abstain from deciding whether Deutsche Bank and APG can enforce the notes. *E.g.*, *In re Hrachova*, 582 B.R. 808, 810-11 (M.D. Fla. Bankr. 2018) (abstaining from hearing an adversary complaint that "presents mortgage issues that should be resolved by the state court in the pending foreclosure action"). While a decision to abstain is not reviewable by a higher court, *In re Siewe*, 730 F. App'x 871, 877 (11th Cir. 2018), a district court can review it, *In re Robertson*, 258 B.R. 470, 472 n.1 (M.D. Ala. 2001). Still, Langley showed no abuse of discretion. Notably, Langley did not provide transcripts from the hearings before dismissal—making it impossible for the Court to find error in any findings discussed on the record. *In re Sussman*, 816 F. App'x 410, 416 (11th Cir. 2020). In her reply brief, Langley mentions an attached transcript. (Doc. 9 at 2). But no transcript was attached to the reply brief.[5] And regardless, the bankruptcy court was correct: Langley can object to the notes in the state-

---

[5] Even if it were, the Court couldn't consider it as the record consists of matters properly designated by the parties and transmitted by the bankruptcy court. Fed. R. Bankr. P. 8009-8010. While Langley designated transcripts (Doc. 4-4), the dockets in this Court and the bankruptcy court do not signal she ordered them as required by Rule 8009(b). Appellants (even pro se) bear the burden to ensure their record is complete with all necessary transcripts. *In re Bagwell*, 741 F. App'x 755, 759 (11th Cir. 2018).

6

court foreclosure action.  See *In re Hanson*, 525 B.R. 791, 794-97 (M.D. Fla. Bankr. 2015).

In short, Langley showed no error occurred in the bankruptcy court.  So the decisions below are affirmed.

Accordingly, it is now

**ORDERED:**

(1)  The decisions of the bankruptcy court are **AFFIRMED**.

(2)  The Clerk is **DIRECTED** to close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 14, 2021.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies:  All Parties of Record