# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

IN RE: URSULA LANGLEY

URSULA LANGLEY,

 Appellant,

v.                Case No: 2:20-cv-956-SPC

JON WAAGE,

 Appellee.
_____/

## **ORDER**[1]

 Before the Court is Appellant Ursula Langley's Motion for Re-Hearing and Reconsideration (Doc. 11). In bankruptcy appeals, rehearing responses are not allowed unless requested by the Court. Fed. R. Bankr. P. 8022(a)(3). The Court made no request, so Appellee Jon Waage did not respond.

 The bankruptcy court denied confirmation of Langley's Chapter 13 plan and dismissed her bankruptcy case. Langley moved for reconsideration, which the bankruptcy court denied too. This Court affirmed the appeal of both

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

decisions (the "Opinion"). (Doc. 10). Now, Langley moves for rehearing of the Opinion.

A motion for rehearing "must state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). To rule on these motions, "courts apply the same standard as on a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure." *In re Kraz, LLC*, No. 8:17-cv-1555-T-27, 2020 WL 6082716, at \*1 (M.D. Fla. Oct. 15, 2020).[2]

Reconsideration under Rule 59(e) may be proper to correct "manifest errors of law or fact." *Jenkins v. Anton*, 922 F.3d 1257, 1263 (11th Cir. 2019). It may also be appropriate to account for intervening changes in law and newly discovered (or previously unavailable) evidence. *Banister v. Davis*, 140 S. Ct. 1698, 1703 n.2 (2020). And a 59(e) motion might fit "if there is a need to correct a manifest injustice." *E.g.*, *LLC SPC Stileks v. Rep. of Moldova*, 985 F.3d 871, 882 (D.C. Cir. 2021). Ultimately, the decision to reconsider "is committed to the sound discretion of the district judge." *United States v. Jim*, 891 F.3d 1242, 1252 (11th Cir. 2018) (citation omitted).

---

[2] *See also In re Env't Techs. Int'l, Inc.*, No. 8:17-cv-74-T-33, 2017 WL 3124246, at \*1 (M.D. Fla. July 21, 2017) (collecting cases); *Martin v. Martin*, No. 19-CIV-60651-RAR, 2020 WL 4434038, at \*1 (S.D. Fla. June 29, 2020).

Motions for reconsideration are granted sparingly, and they are not chances to "relitigate old matters." *See Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050, 1059-60 (11th Cir. 2020) (citation omitted). Nor will courts "address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S. Ct. at 1703. "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *U.S. ex rel. Matej v. Health Mgmt. Assocs.*, 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012) (citation omitted).

Langley's Motion raises nothing suggesting reconsideration is necessary. Much of the Motion is mere reargument of matters the Court already considered and rejected. To the extent that Langley raises new arguments, those could have been raised in the briefing. So it would not be a basis to reconsider, and such contentions were waived nonetheless. What's more, while Langley now provides a transcript that was not included in the record, it only provides more context to support the bankruptcy court's decision. Because Langley failed to carry her heavy burden, the Motion is denied.

Unrelated to this decision, the Opinion did not direct the Clerk to enter judgment. And the Clerk did not do so. Yet the Clerk must enter judgment in bankruptcy appeals. Fed. R. Bankr. P. 8024(a) ("The district or BAP clerk must prepare, sign, and enter the judgment after receiving the court's opinion."). So the Court directs the Clerk to enter judgment.

Accordingly, it is now

**ORDERED:**

(1) Appellant's Motion for Re-Hearing and Reconsideration (Doc. 11) is **DENIED**.

(2) The Clerk is **DIRECTED** to enter judgment affirming the bankruptcy court's decisions.

**DONE** and **ORDERED** in Fort Myers, Florida on May 11, 2021.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record